IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

April 30, 2012

RE:  JERMAINE JACKSON  V.  COMMONWEALTH OF PA, ETAL
     CA No. 11-4635

**NOTICE**

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Rueter, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: _____
LINDA V. JERRY, Deputy Clerk

cc:  JACKSON
     LORBER

Courtroom Deputy to Judge Davis

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JERMAINE JACKSON | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al. | : | NO. 11-4635 |

### REPORT AND RECOMMENDATION

THOMAS J. RUETER                                                                                 April 30, 2012
United States Magistrate Judge

      Presently before the court is a pro se Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the State Correctional Institution Forest, in Camp Hill, Pennsylvania. For the reasons that follow, the court recommends that the petition be denied.

### I.  BACKGROUND AND PROCEDURAL HISTORY

      On January 31, 2007, petitioner was sentenced by the Honorable Rayford A. Means in the Court of Common Pleas of Philadelphia County to an aggregate sentence of seven to fourteen years imprisonment, after he was found guilty of knowingly possessing cocaine and possessing cocaine with the intent to deliver. (Resp. Ex. A at 1.)

      The state appellate court summarized the evidence presented at trial as follows:

> On February 25, 2004, Philadelphia police concluded a targeted narcotics investigation and arrested a drug dealer who was found to be in possession of 160 grams of cocaine. Police were quickly able to persuade the dealer to become a confidential informant (CI). Later that day, the CI provided tips to police in a showing of good faith; these tips resulted in the arrests of two other street dealers, presumably supplied by the source that had been supplying the CI, and the confiscation of another 265.6 grams of cocaine.
>
> The CI also provided police with the name, address, and practices of his

supplier – the [petitioner] in this case. The CI informed police he still owed [petitioner] $3,100 for the cocaine that previously had been confiscated from his person and further informed police that if he paid [petitioner] the outstanding balance, he would then be re-supplied. The CI also told police he had been in [petitioner]'s home earlier that day and had witnessed [petitioner] in possession of approximately 18 ounces of cocaine.

The next day, February 26, 2004, police obtained a search warrant relying on the information provided by the CI. The search warrant affidavit stated, "The warrant will only be served if the [CI] enters . . . and provides Jackson with the $3,100.00 pre-recorded buy money." Record, No. 13, Trial Court Opinion, Exb. A., Affidavit of Probable Cause for Search Warrant. The district magistrate approved the warrant.

Later that afternoon, police met with the CI, provided him with $3,100 in pre-recorded buy money, and instructed him to ask [petitioner] for more cocaine. Police then set up surveillance on [petitioner]'s residence, dropped the CI off in the immediate area, and watched from a distance as he entered [petitioner]'s residence. A few moments later, the CI exited [petitioner]'s house and told police he had requested another 18 ounces of cocaine from [petitioner] but that [petitioner] needed to re-supply himself before filling the request.

Shortly thereafter, police observed [petitioner] and his wife exit the residence and drive off. Police followed [petitioner] to a street corner. [Petitioner] exited his vehicle, approached a white Pontiac sitting on the street, and got into the back seat of the Pontiac. Police waited for the next two minutes until [petitioner] got out of the Pontiac. [Petitioner] then drove off.

Moments later, the CI, who was in the presence of police, received a call from [petitioner], who told the CI he had "gotten the stuff." Within minutes, police stationed at [petitioner]'s residence observed him returning home. [Petitioner] exited the vehicle he had been driving, while his wife remained inside.

Once [petitioner] entered his residence, police quickly converged on the front entrance. After getting to the mouth of the entry way, police observed [petitioner] through a screen door sitting on a chair with items on his lap. Police announced their presence and [petitioner], startled, shot out of his seat. Four large bags of cocaine fell from his lap and onto the floor. Meanwhile, two other officers confronted [petitioner]'s wife in the vehicle parked out front.

The four bags of cocaine that had fallen from [petitioner]'s lap contained approximately 18 ounces of cocaine. Upon searching the remainder of

2

> [petitioner]'s residence, police uncovered four more bags of cocaine containing an aggregate of approximately 300 grams. A search of [petitioner]'s wife resulted in the recovery of $3,674 in cash, including the $3,100 in pre-recorded buy money.

Commonwealth v. Jackson, 945 A.2d 763 (Pa. Super. Ct. 2007) (Table). (Resp. Ex. A at 1-4.)

Prior to trial, petitioner moved to suppress the cocaine and also moved to compel the disclosure of the confidential informant. The motions were denied. Id. at 4. Prior to sentencing, petitioner filed motions for a new trial arguing, inter alia, that trial counsel ineffectively failed to pursue a claim that police did not knock and announce their presence before entering his house. Such motions also were denied. Id. at 5; see also, N.T. 1/31/07 at 66-67.

Petitioner appealed to the Pennsylvania Superior Court, arguing that (1) the trial court erred in denying his motion to suppress physical evidence; (2) the motions court erred in denying the motion to compel disclosure of the confidential informant; (3) the trial court erred in removing petitioner's chosen counsel and denying new counsel a continuance; and (4) the trial court erred in finding police knocked and announced their presence when they executed the warrant.[1] (Resp. Ex. A at 5-18.) The Pennsylvania Superior Court affirmed the judgment of sentence in a memorandum opinion dated December 27, 2007. (Resp. Ex. A at 6-18.). The Supreme Court of Pennsylvania denied petitioner's request for discretionary review on June 22, 2009. Commonwealth v. Jackson, 973 A.2d 1006 (Pa. 2009) (Table).

On July 13, 2009, petitioner filed a pro se petition for state post-conviction relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.

---

[1] Petitioner filed a pro se statement of matters complained of on appeal, but counsel was subsequently appointed. (Resp. Ex. A at 5).

Case 2:11-cv-04635-LDD   Document 15   Filed 04/30/12   Page 5 of 19

Petitioner argued that (1) the search warrant was executed prematurely, without the triggering event taking place; (2) the knock and announce rule was violated; (3) the trial court erred in denying the motion to suppress; and (4) trial counsel was ineffective for failing to litigate a motion to disclose the confidential informant. Counsel, who was subsequently appointed, filed an Application to Withdraw Appearance and a "no merit" letter in accordance with Commonwealth v. Finley, 481 U.S. 551 (1987) and Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988). By Order dated July 16, 2010, the PCRA court dismissed the petition. Petitioner did not appeal the dismissal.

On July 7, 2011, petitioner filed a pro se petition for habeas corpus relief. Petitioner raises nine issues: (1) the evidence was insufficient to support his convictions; (2) the "warrant used was not the proper vehicle, plus the information used was solely based on a CI who's credibility was never pre-established;" (3) judicial bias and malicious prosecution; (4) trial counsel was ineffective for failing to "properly act on any reasonable strategy . . . [and] never challenged any of the District Attorney's insufficient evidence;" (5) the prosecutor obtained the conviction through "manipulation of testimony, hearsay, and non-existant, credentialed, confidential informant;" (6) petitioner's due process rights to a speedy and fair trial were violated; (7) petitioner's due process rights were violated when insufficient evidence was presented at the preliminary hearing; (8) the convictions were against the weight of the evidence; and (9) the court conducted an "illegal side bar conversation" which resulted in an "illegal stipulation" concerning the search warrant. (Pet. at 9-10.) The Commonwealth responded on February 16, 2012, arguing that petitioner is not entitled to relief on any of his claims. (Resp. at 5-13.)

## II. <u>DISCUSSION</u>

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of the AEDPA relevant to the instant matter provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

The Supreme Court has instructed that the "contrary to" and "unreasonable application" clauses in Section 2254(d)(1) should be viewed independently. With respect to Section 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000). The Court in <u>Williams</u> was careful to note that most cases will not fit into this category, which is limited to direct and unequivocal contradiction of Supreme Court authority. <u>Id.</u> at 406-08. <u>See also</u> <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 888 (3d Cir. 1999) (<u>en banc</u>) (to prove entitlement to relief under "contrary to" clause, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; . . . petitioner

5

must demonstrate that Supreme Court precedent <u>requires</u> the contrary outcome") (emphasis in original).

Under the "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411. Relief is appropriate only where the state court decision is also objectively unreasonable. Id. The Supreme Court recently explained that where "it is the state court's application of governing federal law that is challenged, the decision 'must be shown to be not only erroneous, but objectively unreasonable.'" Waddington v. Sarausad, 555 U.S. 179, 190 (2009) (quoting Middleton v. McNeil, 541 U.S. 433, 436 (2004)). See Appel v. Horn, 250 F.3d 203, 209 (3d Cir. 2001) ("A state court decision will be an 'unreasonable application' if (1) 'the state court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts of the particular . . . case;' or (2) 'the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'") (quoting Williams, 529 U.S. at 407).

With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable fact-finder could not have reached the same conclusions given the evidence. If a reasonable basis existed for the factual findings reached in the state courts, then habeas relief is not warranted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000). Furthermore, "a determination of a

6

factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). See also Appel, 250 F.3d at 209 (The AEDPA increases the deference federal courts must give to the factual findings and legal determinations of the state courts.) (citing 28 U.S.C. § 2254(e)(1)) (quotation omitted).

### C. Petitioner's Claims

#### 1. Procedurally defaulted claims - Claims 1, 3, 4, 5, 6, and 7

Respondent contends that the following claims raised by petitioner are procedurally defaulted because petitioner did not exhaust his state court remedies: (a) petitioner's first claim that the evidence was insufficient to support his convictions; (b) petitioner's third claim that the trial judge was biased against him and that the prosecutor manipulated the rules of evidence to obtain the conviction; (c) petitioner's fourth claim that trial counsel was ineffective for failing to "properly act on any reasonable strategy . . . [and] never challenged any of the District Attorney's insufficient evidence;" (d) petitioner's fifth claim that the prosecutor obtained the conviction through "manipulation of testimony, hearsay, and non-existant, credentialed, confidential informant;" (e) petitioner's sixth claim that his due process rights to a speedy and fair trial were violated; and (f) petitioner's seventh claim that his due process rights were violated when insufficient evidence was presented at the preliminary hearing. (Resp. at 8-11.)

It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999); Evans v. Court of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1230 (3d

7

Cir. 1992).[2] "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992).

However, when the petitioner cannot obtain state court review of his claims because of noncompliance with state procedural rules, the doctrine of procedural default generally bars federal habeas corpus review. Coleman v. Thompson, 501 U.S. 722, 729-32 (1991); Sistrunk v. Vaughn, 96 F.3d 666, 674-75 (3d Cir. 1996). The Supreme Court stated:

> [I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.

Coleman, 501 U.S. at 735 n.1. Upon a finding of procedural default, review of a federal habeas petition is barred unless the habeas petitioner can show: "(1) the procedural rule was not independent and adequate; (2) cause for his failure to comply with state procedural rules and prejudice resulting therefore; or (3) that a fundamental miscarriage of justice will occur if not considered." Peterkin v. Horn, 176 F. Supp. 2d 342, 353 (E.D. Pa. 2001). The adequacy requirement requires a court to determine whether the state rule in question was "firmly established and regularly followed." Beard v. Kindler, __U.S.__, 130 S. Ct. 612, 617-18 (2009) (internal citations and quotations omitted).

---

[2] On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement. The Third Circuit has recognized the validity of this Order. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004), cert. denied, 544 U.S. 1063 (2005).

8

Petitioner can demonstrate cause for procedural default if he can show that some objective factor external to the defense impeded or prevented his ability to comply with the state procedural rules. Caswell, 953 F.2d at 862. The cause must be "something that cannot fairly be attributed to [the petitioner.]" Coleman, 501 U.S. at 753. To show prejudice, petitioner must present evidence that this factor did more than merely create a possibility of prejudice; it must have "worked to [petitioner's] actual and substantial disadvantage." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Additionally, the fundamental miscarriage of justice exception to procedural default is concerned only with "actual" innocence and petitioner must show that in light of new evidence it is more likely than not that no reasonable juror would have convicted him absent the claimed error. Schlup v. Delo, 513 U.S. 298, 327 (1995).

As respondent correctly asserts, the following claims were not presented to any state court for review, and therefore, have not been exhausted in the state courts: (a) petitioner's first claim that the evidence was insufficient to support his convictions; (b) petitioner's third claim that the trial judge was biased against him and that the prosecutor manipulated the rules of evidence to obtain the conviction; (c) petitioner's fourth claim that trial counsel was ineffective for failing to "properly act on any reasonable strategy . . . [and] never challenged any of the District Attorney's insufficient evidence;" (d) petitioner's fifth claim that the prosecutor obtained the conviction through "manipulation of testimony, hearsay, and non-existant, credentialed, confidential informant;" (e) petitioner's sixth claim that his due process rights to a speedy and fair trial were violated; and (f) petitioner's seventh claim that his due process rights were

9

violated when insufficient evidence was presented at the preliminary hearing. See Pet. at 9-10.[3] These claims are now procedurally defaulted, as they cannot be reviewed by the state courts because of the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). This court cannot excuse the procedural default because petitioner has not alleged or shown cause for the default and actual prejudice therefrom, or that failure to consider the claims would result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 749-50. Thus, petitioner's claims one, three, four, five, six, and seven must be denied because they are procedurally defaulted.

### 2. Non-cognizable claims - Claims 2, 8 and 9

Petitioner raises several other claims. In his second claim, petitioner contends that police used an "improper warrant," claiming that the "warrant used was not the proper vehicle, plus the information used was solely based on a CI who's credibility was never pre-established." (Pet. at 9.) In his ninth claim, petitioner argues that the court conducted an "illegal side bar conversation" which resulted in an "illegal stipulation" to a "magical warrant." (Pet. at 9-10.) In his eighth claim, petitioner argues that the convictions were against the weight of the evidence. Id. Each of these claims is not cognizable on habeas review.

---

[3] As set forth supra, on direct appeal to the Pennsylvania Superior Court, petitioner raised the following issues: (1) the trial court erred in denying his motion to suppress physical evidence; (2) the motions court erred in denying the motion to compel disclosure of the confidential informant; (3) the trial court erred in removing petitioner's chosen counsel and denying new counsel a continuance; and (4) the trial court erred in finding police knocked and announced their presence when they executed the warrant. (Resp. at 5-18.) In his PCRA petition, petitioner argued that: (1) the search warrant was executed prematurely, without the triggering event taking place; (2) the knock and announce rule was violated; (3) the trial court erred in denying the motion to suppress; and (4) trial counsel was ineffective for failing to litigate a motion to disclose the confidential informant. Thus, petitioner's claims one, three, four, five, six, and seven were not presented to a state court for review.

10

### a. Issuance and Execution of Search Warrant – Claims 2 and 9

Inasmuch as petitioner raises issues concerning the issuance and execution of the search warrant in claims two and nine, such claims are not cognizable on habeas review. In these claims, petitioner avers specifically that an "improper warrant" was used and that a stipulation entered into at trial resulted in a "magical warrant." See Pet. at 9. Such claims raise purely issues of state law which are not cognizable in a federal habeas corpus proceeding. "[I]t is not the province of a federal habeas court to re-examine state court determinations on state law questions. . . ." Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997). "The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Id. (quoting Geschwendt v. Ryan, 967 F.2d 877, 888-89 (3d Cir. 1992)).

Furthermore, a habeas petitioner may not raise a Fourth Amendment claim if the petitioner has had a full and fair opportunity to litigate the claim in state court. Stone v. Powell, 428 U.S. 465 (1976); Deputy v. Taylor, 19 F.3d 1485, 1491 (3d Cir. 1994); Gilmore v. Marks, 799 F.2d 51, (3d Cir. 1986). The Supreme Court in Stone stated that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494.

In the present case, petitioner received a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. At trial, plaintiff's counsel filed a motion to suppress the evidence, based on the sufficiency of the search warrant. See Commonwealth v. Jackson, C.P. 0405-0283, 559 EDA 2007, slip op. at 4 (C.P. Phila. Co. Mar. 28, 2007). The

11

motion was granted with respect to the evidence found in the car, but was denied with respect to the evidence found in the house. Id. After petitioner was found guilty, new counsel filed post-verdict motions, arguing issues of ineffectiveness of counsel and violations of the knock and announce rule in connection with the execution of the warrant. Id. The court conducted numerous hearings concerning the alleged knock and announce violation. See N.T. 5/10/06, N.T. 5/15/06, N.T. 10/4/06, N.T. 12/12/06. These issues also were addressed by the Superior Court on direct appeal. See Resp. Ex. A at 6-9, 14-19. The Superior Court analyzed the totality of the circumstances to determine whether probable cause existed for the issuance of the search warrant based upon information received from the confidential informant. Id. at 7-9. The court held that the affidavit supporting the warrant application relied upon fresh, detailed information from a "palpably reliable source" and the warrant was to be served after petitioner entered into another drug transaction with the confidential informant. Id. at 8-9. The Superior Court concluded that the trial court did not err by denying the suppression motion. In addition, the Superior Court analyzed the application of the knock and announce rule to the execution of the search warrant. Id. at 14-19. The Superior Court noted that the trial court's decision to deny petitioner's post-verdict motion was based on a fundamental credibility determination. Id. at 18. The Superior Court refused to disturb the trial court's finding and deemed petitioner's claim meritless. Id. at 18-19. Moreover, PCRA counsel noted in the Finley letter that issues relating to the issuance and execution of the search warrant were raised on direct appeal.

      Given the foregoing, the record demonstrates that petitioner received a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. Petitioner's second and ninth claims concerning the issuance and execution of the search warrant are not, therefore,

cognizable in a habeas proceeding. These claims should be denied.

### b. Weight of the Evidence – Claim 8

In petitioner's eighth claim, petitioner challenges the weight of the evidence presented against him. (Pet. at 9.) As respondent points out, this claim is not cognizable on habeas review.

A challenge to the weight of the evidence requires an evaluation of the credibility of the evidence presented at trial. Tibbs v. Florida, 457 U.S. 31, 37-38 (1982). In Tibbs, the United States Supreme Court upheld a finding of the Florida Supreme Court, noting that:

> [A] conviction rests upon insufficient evidence when, even after viewing the evidence in the light most favorable to the prosecution, no rational factfinder could have found the defendant guilty beyond a reasonable doubt. A reversal based on the weight of the evidence, on the other hand, draws the appellate court into questions of credibility. The weight of the evidence refers to a determination by the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.

457 U.S. at 37-38 (internal citations omitted). Furthermore, in habeas proceedings, federal courts are bound by the factual findings of the state courts. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a state court shall be presumed to be correct."); Rolan v. Vaughn, 445 F.3d 671, 679 (3d Cir. 2006) ("Generally, federal courts defer to state appellate court determinations of fact."). As a result, a habeas court cannot reassess the weight of the evidence which was before a state court. Marshall v. Lonberger, 459 U.S. 422, 434-35 (1983) (federal courts are not permitted "to redetermine [the] credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Accordingly, petitioner's claim that challenges the weight of the evidence presented

13

against him is not cognizable on habeas review. See Green v. Fisher, 2011 WL 6046915, at *11 (E.D. Pa. May 23, 2011) ("[C]hallenges to the weight of the evidence produced at trial are not cognizable in federal habeas proceedings."), approved and adopted, 2011 WL 6046904 (E.D. Pa. Dec. 6, 2011); Ming v. Tennis, 2007 WL 1030329, at *2 n.1 (E.D. Pa. Feb. 13, 2007) (A claim alleging that the evidence was against the weight of the evidence "is not a cognizable claim under § 2254 because it requires an assessment of the credibility of the evidence presented at trial, and state court credibility findings may not be redetermined on habeas review."), approved and adopted, 2007 WL 954107 (E.D. Pa. Mar. 28, 2007); Alamo v. Frank, 1999 WL 79659, at *1 n.2 (E.D. Pa. Jan. 15, 1999) ("It is beyond the province of this court to consider the weight, as opposed to the sufficiency, of the evidence."); Smith v. Vaughn, 1997 WL 338851, at *8 (E.D. Pa. June 17, 1997) ("[A] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence."). Petitioner's eighth claim, therefore, should be denied.

### III. CONCLUSION

For all of the above reasons, the court makes the following:

### RECOMMENDATION

AND NOW, this 30th day of April, 2012, the court respectfully recommends that the petition for a writ of habeas corpus be **DENIED**, and that no certificate of appealability be issued.[4]

---

[4] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

14

Petitioner may file objections to this Report and Recommendation. <u>See</u> Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

_____
THOMAS J. RUETER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE JACKSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al. | : | NO. 11-4635 |

## ORDER

AND NOW, this      day of                    , 2012, upon consideration of the pleadings and record herein, and after review of the Report and Recommendation of Magistrate Judge Thomas J. Rueter, it is hereby

## ORDERED

that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Petitioner's petition for a writ of habeas corpus is **DENIED**; and

3. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
LEGROME D. DAVIS,            J.